***THEODORE N. COX, ESQ.***
*Attorney-at-Law*
*401 Broadway, Suite 701*
*New York, New York 10013*

Telephone: (212) 925-1208
Facsimile: (212) 925-5188

August 7, 2008

Honorable Kevin Castel
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re: <u>**Pan et al. v. Chertoff et al.   Docket #:  08-cv-5955**</u>
          <u>**Request for Pre-Motion Conference**</u>

Dear Judge Castel:

On behalf of Plaintiffs, counsel respectfully requests for a pre-motion conference pursuant to Your Honor's Individual Practices Rule (2)(A)(1). Plaintiffs intend to submit a Motion for Temporary Restraining Order and Preliminary Injunction and Emergency Motion for Expedited Hearing.

In the proposed motions, Plaintiffs will request the Court to hold an expedited hearing to determine whether or not Defendants should be ordered to refrain from deporting Plaintiff, Mr. Zhuang Hong LIN, until the resolution of the present mandamus action.

Mr. Lin currently is in immigration detention in Frederick County Adult Detention Center located at 7300 Marcies Choice Lane, Frederick, Maryland 21701. Mr. Lin is subject to a final order of removal – an immigration judge ("IJ") ordered Mr. Lin removed on January 10, 2001 and the Board of Immigration Appeals ("BIA") dismissed his appeal on July 28, 2003. The order of removal is administratively final pursuant to 8

1

CFR §1241.1(a) (an order of removal becomes final "[u]pon dismissal of an appeal by the Board of Immigration Appeals.").

The present mandamus action concerns an immigration petition filed by Mr. Lin's wife, an asylee. **Once that petition is approved, Defendants cannot remove Mr. Lin as a matter of law.** Defendants, however, have unlawfully delayed or withheld the adjudication of that petition.

Specifically, Mr. Lin's wife, Ms. Gui Rong PAN, was granted conditional asylum on April 11, 2002; that condition was removed on January 17, 2006. Based on her final grant of asylum, Ms. Pan filed a Petition for Asylee Relative (Form I-730) on behalf of Mr. Lin on June 6, 2005. The receipt number of that petition is LIN-05-187-53013.

Even though Mr. Lin is subject to an order of removal, he is eligible to receive immigration benefits pursuant to 8 CFR §208.21(c). The regulation provides that "the asylee may request accompanying or following-to-join benefits for his/her spouse…**regardless of the status of that spouse**…in the United States." 8 CFR §208.21(c) (emphasis supplied).

To be eligible for the benefit, Mr. Lin's spousal relationship "must have existed at the time the principal alien's asylum application was approved and must continue to exist at the time of filing for accompanying or following-to-join benefits and at the time of the spouse['s]…subsequent admission to the United States." 8 CFR §208.21(b). Here, Mr. Lin married his wife on March 1, 2001. The wife's asylum application was approved on April 11, 2002. The marriage between Mr. Lin and Ms. Pan continues to exist. Therefore, Mr. Lin is clearly eligible to be granted asylum under 8 CFR §208.21.

It is proper to enjoin Defendants from removing Mr. Lin pending the outcome of this mandamus action. Once the I-730 petition is granted, Mr. Lin will be entitled to protections as an asylee. The statute provides that "[a] spouse or child…of an alien who is granted asylum under this subsection may…be granted the same status as the alien if accompanying, or following to join, such alien." INA §208(b)(3)(A). **Once a person is accorded asylum status, the Attorney General "shall not remove or return the alien to the alien's country of nationality…."** INA §208(c)(1)(A).

Based on the laws and facts of this case, there is a high likelihood of the Plaintiffs prevailing on the merits in that the I-730 petition was approvable when filed and should have been approved if the Immigration Service had not unlawfully delayed or withheld adjudication.

Mr. Lin will suffer serious and irreparable harm if he is deported back to China because he will be denied asylum protection to which he is clearly entitled. He also will be forced to separate from his wife, which directly contravenes Congress's manifest interest in preserving family unity for asylees. *See e.g.* 8 USC §1159(c), INA §209(c) (providing that for purposes of adjusting the status of an asylee, the Attorney General may waive certain grounds of inadmissibility "for humanitarian purposes, to assure family unity, or when it is otherwise in the public interest."); *see also* 8 USC §1158(b)(3)(A), INA §208(b)(3)(A).

Additionally, Plaintiffs request in the motion that the Court order Defendants to either release Mr. Lin from custody or make arrangements for taking Mr. Lin's fingerprints and biometrics within the detention facility. Continued detention will thwart the I-730 adjudication process since the Service requires Mr. Lin to have his fingerprints

and biometrics taken – the Service does not have a policy to take biometrics within a detention facility for purposes of processing an I-730 petition, and there is no indication that the detention facility has the adequate equipment to obtain Mr. Lin's biometrics for the Service. If Mr. Lin is unable to attend the fingerprints and biometrics appointment (if one is ever scheduled), the Service can deem the petition abandoned and deny it accordingly.

Respectfully,

Theodore Cox
Counsel for Plaintiffs